■ In the Matter of JAMES LEWIS, Petitioner, v ISRAEL RIVERA, as Superintendent of Coxsackie Correctional Facility, Respondent. [821 NYS2d 678]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following an incident in the mess hall during which petitioner purportedly became irate and belligerent toward a correction officer, he was charged in a misbehavior report with creating a disturbance and refusing a direct order. At the ensuing tier II

disciplinary hearing, petitioner requested to view a videotape of the incident to establish that he did not engage in the offensive conduct. The Hearing Officer denied the request and proceeded to find petitioner guilty of the charges. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

Petitioner argues that his due process rights were violated by the Hearing Officer's denial of his request to view the videotape. Based upon our review of the record, we agree. It is evident from the transcript of the disciplinary proceeding that the Hearing Officer did not view the videotape himself or consider it as evidence in support of his determination (*compare Matter of Marquez v Mann*, 192 AD2d 100 [1993]; *Matter of Hillard v Coughlin*, 187 AD2d 136 [1993], *lv denied* 82 NY2d 651 [1993]). Nevertheless, the Hearing Officer concluded that the tape would not depict the mannerisms or body language of the parties involved in the exchange and that, consequently, it was irrelevant to the charges against petitioner. This conclusion is not supported by the record and, insofar as the videotape may have had a significant bearing on petitioner's defense, the Hearing Officer should have allowed petitioner to examine it (*see Matter of Taylor v Coughlin*, 190 AD2d 900, 902 [1993], *lv denied* 82 NY2d 651 [1993]). Consequently, the matter must be remitted for a new hearing (*see Matter of Garcia v Coughlin*, 194 AD2d 896, 897 [1993]).

Cardona, P.J., Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.