Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.
Petitioner submitted a urine specimen that twice tested positive for the presence of three different drugs. As a result, he was charged in a misbehavior report with using a controlled substance. He was found guilty of the charge following a tier III disciplinary hearing, but the determination was subsequently reversed and a rehearing ordered. Following the rehearing, petitioner was again found guilty of the charge. The determination was affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, the positive urinalysis test results and related documentation, and the testimony adduced at the rehearing provide substantial evidence supporting the determination of guilt (see Matter of Donahue v Fischer, 98 AD3d 784, 784 [2012]; Matter of Curry v Fischer, 93 AD3d 984, 984 [2012]). Petitioner maintains that the testing procedure was defective because the reagents used did not have the same lot number as required by Department of Corrections and Community Supervision directive No. 4937, Attachment C. We find this argument to be unpersuasive. The testing officer stated that four reagents, each specific to a particular drug, were used in the two tests of petitioner’s sample and it was not necessary that the lot numbers for the reagents for the different drugs all be the same. A review of the testing documentation for the tests that were positive reveals that the lot numbers of the reagents specific to a particular drug were the same in each of the two tests, which is consistent with the above directive. Although a lot number for the reagent associated with cannabinoids was missing on one test form, the testing officer explained that this was a clerical error and the lot number was the same as in the previous test, thereby curing any deficiency (see Matter of Johnson v Fischer, 104 AD3d 1007 [2013]; Matter of Davis v Fischer, 98 AD3d 1154, 1155 [2012]). Accordingly, we conclude that the proper testing procedures were followed (see e.g. Matter of Van Dusen v Selsky, 14 AD3d 979, 980 [2005]; Matter of Carbuccia v Goord, 298 AD2d 801, 801 [2002]).
*1262 Insofar as petitioner raises claims pertaining to the prior disciplinary hearing, they are not properly before us as such proceeding has been reversed and all evidence in relation thereto has been expunged from this record. Petitioner also contends that the Hearing Officer was biased as reflected in the transcript and by the improper imposition of the special housing unit (hereinafter SHU) penalty of 120 days, which the Hearing Officer made to start after the rehearing. Respondents concede that the penalty, which was reduced to three months after an administrative appeal, should have run from the date on which the first hearing had ended a month earlier. Notwithstanding this acknowledged error, our review of the record does not persuade us that the Hearing Officer’s determination flowed from any alleged bias (see Matter of Donahue v Fischer, 98 AD3d at 784-785). To the extent that petitioner argues that the SHU penalty was harsh, that issue is moot for purposes of this proceeding since petitioner has completed his SHU time (see Matter of Corona v New York State Dept. of Correctional Servs., 2 AD3d 1118, 1118 [2003]; Matter of Konigsberg v Selsky, 255 AD2d 702, 703 [1998]).
Petitioner’s remaining arguments are either unpreserved for our review or are lacking in merit.
Peters, P.J., Rose, Lahtinen and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.