■ In the Matter of CLARENCE GOURDINE, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [989 NYS2d 408]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County)

to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner purportedly sent a letter to his mother in which he threatened to harm her caregivers upon his release from prison if they failed to assist her in obtaining money for him. One of the agencies involved in providing that care alerted officials to the letter, and petitioner was thereafter charged in a misbehavior report with violating the prison disciplinary rules prohibiting threats and extortion. Following a tier III disciplinary hearing, he was found guilty as charged. His administrative appeal was unsuccessful, and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, combined with the hearing testimony, confidential materials, the Hearing Officer's comparison of writing samples produced by petitioner's typewriter to the letter in question and the letter itself, provide substantial evidence to support the determination of guilt (*see Matter of Lafferty v Fischer*, 61 AD3d 1190, 1191 [2009]; *Matter of Patsalos v Coombe*, 228 AD2d 984, 985 [1996]). Contrary to petitioner's argument, he was not improperly deprived of the right to call his mother as a witness inasmuch as her testimony would have been irrelevant to the charges (*see Matter of McKinley v Goord*, 47 AD3d 974, 974 [2008]). Petitioner's remaining arguments have been examined and found to lack merit.

Peters, P.J., Stein, Rose, Egan Jr. and Devine, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.