## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  July 31, 2014                517685
_____

In the Matter of ADAM JAMISON,
                    Petitioner,

             v                          MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and
    Community Supervision,
                    Respondent.
_____

Calendar Date:  June 9, 2014

Before:  Stein, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____

        Adam Jamison, Stormville, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with engaging in an unauthorized exchange, smuggling and refusing a direct order.  According to the report, petitioner was observed opening a fellow inmate's cell hatch and placing several items into the cell.  Petitioner was ordered to stop and to close the cell hatch but refused to do so before locking himself in his cell.  Following a tier III disciplinary hearing, petitioner was found guilty of engaging in an unauthorized exchange and refusing a direct order.  The determination was affirmed on administrative appeal, with a modified penalty, and this CPLR article 78

proceeding ensued.

We confirm. To the extent that petitioner raises the issue of substantial evidence, we find that the misbehavior report, the videotape and the hearing testimony amply support the determination of guilt (see Matter of Kalwasinski v Fischer, 87 AD3d 1207, 1207-1208 [2011]; Matter of Abreu v Fischer, 83 AD3d 1348, 1348 [2011]).

Turning to petitioner's procedural arguments, we reject his contention that he was denied the right to call a certain inmate as a witness. As there is no indication in the record that the requested inmate ever agreed otherwise, the witness refusal form signed by the inmate indicating the reason he would not testify adequately protected petitioner's right (see Matter of Procopio v Fischer, 100 AD3d 1292, 1293 [2012]; Matter of Tulloch v Fischer, 90 AD3d 1370, 1371 [2011]). The record also reflects that the hearing was commenced and completed in a timely manner and the proper extensions were obtained (see Matter of Pooler v Fischer, 107 AD3d 1256, 1257 [2013], lv denied 22 NY3d 855 [2013]). Further, we find no merit to petitioner's contention that his request to view a certain videotape recorded earlier on the day of the incident was improperly denied, inasmuch as he neither requested the videotape from his assistant nor asked to view it at the hearing (see Matter of Smith v Goord, 307 AD2d 564, 564-565 [2003]). Finally, we are unpersuaded by petitioner's contention that the hearing transcript was incomplete or insufficient for meaningful review (see Matter of Smythe v Fischer, 101 AD3d 1280, 1281 [2012], lv denied 20 NY3d 861 [2013]). Petitioner's remaining claims have been examined and found to be without merit.

Stein, J.P., McCarthy, Rose, Lynch and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court