■ In the Matter of JAMAL GRANT, Petitioner, v DAVID ROCK, as Superintendent of Upstate Correctional Facility, et al., Respondents. [997 NYS2d 541]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with possession of marihuana, smuggling and violating facility visitation procedures after he allegedly attempted to smuggle marihuana into a facility through the visit room. A correction officer observed a greasy substance on the back of petitioner's pants and shirt in the visiting room; the resulting strip frisk revealed a greasy substance on his rectal area. Subsequently, petitioner's visitors, who were seated at a table across from him, were asked to put their items in a bag. Upon searching the bagged items in the sergeant's office, a balloon containing a green leafy substance was found. The substance tested positive for marihuana. Following a tier III disciplinary hearing, petitioner was found guilty as charged, although the penalty was reduced. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, testimony of the

investigating officers and related documentation, including the unusual incident report, drug test results and chain of evidence forms, provide substantial evidence to support the determination (*see Matter of Curry v Fischer*, 113 AD3d 981, 982 [2014]; *Matter of Clark v Fischer*, 111 AD3d 1045, 1045-1046 [2013]). Petitioner's denial of the charges and testimony to the contrary presented credibility issues for the Hearing Officer to resolve (*see Matter of Rodriguez v Fischer*, 120 AD3d 855, 855 [2014]). Moreover, his assertion that the Hearing Officer's actions in providing him with documents that he requested constituted improper investigation of the charges against him is patently meritless; a Hearing Officer may cure deficiencies in employee assistance by providing requested documents at the hearing (*see e.g. Matter of Lashway v Fischer*, 117 AD3d 1141, 1142 [2014]). Nor did the Hearing Officer err in denying petitioner's requested documents and witness testimony that were redundant or irrelevant (*see Matter of Gourdine v Prack*, 119 AD3d 1257, 1258 [2014]; *Matter of Shepherd v Fischer*, 111 AD3d 1213, 1213 [2013], *lv denied* 22 NY3d 864 [2014]). Petitioner's remaining arguments have been considered and found to be lacking in merit.

Peters, P.J., Stein, McCarthy, Lynch and Clark, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.