## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  September 15, 2016          521893
_____

In the Matter of JOSE BERMUDEZ,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

THOMAS GRIFFIN, as
    Superintendent of Eastern
    Correctional Facility,
                    Respondent.
_____

Calendar Date:  August 8, 2016

Before:  Egan Jr., J.P., Lynch, Rose Clark and Mulvey, JJ.

_____

        Jose Bermudez, Elmira, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        While a female correction officer was releasing a group of inmates from the block for recreation, petitioner informed her that he was entitled to take a medical shower on the block.  The officer checked the medical permits and discovered that petitioner's daily shower was to occur at a different location.  When she so informed petitioner, he became argumentative in the presence of three porters who stopped their work to listen to the exchange.  As a result of this incident, petitioner was charged in a misbehavior report with making a false statement, creating a disturbance, interfering with an employee and refusing a direct

order. Following a tier II disciplinary hearing, he was found guilty of all of the charges except for refusing a direct order. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging it.

We confirm. The detailed misbehavior report and related documentation, together with the testimony of the correction officers who authored and endorsed the misbehavior report, provide substantial evidence supporting the determination of guilt (see Matter of Alsaifullah v Fischer, 118 AD3d 1239, 1240 [2014], lv denied 24 NY3d 906 [2014]; Matter of Cornelius v Fischer, 98 AD3d 779, 780 [2012]). Petitioner's contrary version of events presented a credibility issue for the Hearing Officer to resolve (see Matter of Grant v Rock, 122 AD3d 1225, 1226 [2014]; Matter of Vargas v Fischer, 121 AD3d 1138, 1138 [2014], lv dismissed 25 NY3d 1197 [2015]). In addition, there is no merit to petitioner's claim that he was improperly denied certain go-around slips, as the record reveals that they did not exist despite the Hearing Officer's diligent efforts to locate them (see Matter of Flores v Fischer, 110 AD3d 1302, 1303 [2013], lv denied 22 NY3d 861 [2014]; see also Matter of Mendez v Annucci, 126 AD3d 1216, 1217 [2015]). Furthermore, petitioner was not improperly removed from the hearing, as he engaged in disruptive behavior after learning of the disposition and penalty (see Matter of Micolo v Annucci, 140 AD3d 1442, 1443 [2016]; Matter of Garcia v Prack, 128 AD3d 1244, 1245 [2015]). Inasmuch as petitioner has already served the penalty, which did not entail any loss of good time, his challenge to it is now moot (see Matter of Adams v Superintendent Bollinier, 118 AD3d 1351, 1351 [2014]; Matter of Sheard v Fischer, 107 AD3d 1261, 1262 [2013]). Petitioner's remaining contentions are either unpreserved for our review or are lacking in merit.

Egan Jr., J.P., Lynch, Rose, Clark and Mulvey, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

*Robert D. Mayberger*

Robert D. Mayberger
Clerk of the Court