*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 15, 2016                    522319
_____

In the Matter of ALLAH KASIEM,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  October 25, 2016

Before:  Peters, P.J., Garry, Devine, Clark and Mulvey, JJ.

_____

        Allah Kasiem, Alden, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Sullivan Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.

        Petitioner, an inmate, submitted a written work assignment to a female instructor that contained sexual language as well as personal references to the instructor and her family.  As a result, he was charged in a misbehavior report with stalking and harassment.  Following a tier II disciplinary hearing, he was found guilty of harassment, but not guilty of stalking.  The determination was later affirmed on administrative appeal and

this CPLR article 78 proceeding ensued.[1]

Petitioner's sole contention is that he was improperly denied an inmate witness whose testimony presumably would have bolstered his defense that his original written assignment was switched with the one containing inappropriate references when the instructor left the room.  To that end, he argues that the Hearing Officer did not inquire into the reason that this inmate purportedly refused to testify or provide petitioner with a witness refusal form.  Petitioner's argument is belied by the record, which reveals that the Hearing Officer showed petitioner a copy of this inmate's refusal form during the hearing.  In addition, the refusal form, which was signed by the inmate, is part of the hearing record and indicates that he did not wish to testify because he had "no knowledge whats [sic] going on with [petitioner's] situation."  Furthermore, there is no indication that this inmate ever agreed to testify.  In view of the foregoing, petitioner was not deprived of his constitutional right to call witnesses (see Matter of Cortorreal v Annucci, 28 NY3d 54, 59-60 [2016]; Matter of Jamison v Fischer, 119 AD3d 1306, 1306 [2014]; Matter of Tulloch v Fischer, 90 AD3d 1370, 1371 [2011]).

Peters, P.J., Garry, Devine, Clark and Mulvey, JJ., concur.

_____

[1]  Although Supreme Court improperly transferred the proceeding to this Court as the verified petition does not raise the issue of substantial evidence, we nevertheless retain jurisdiction in the interest of judicial economy (see Matter of Johnson v Annucci, 141 AD3d 996, 997 n [2016], lv denied 28 NY3d 901 [2016]).

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court