## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 26, 2017                522510
_____

In the Matter of JEAN FRANTZ,
                    Petitioner,

          v                               MEMORANDUM AND JUDGMENT

DONALD VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                    Respondent.
_____

Calendar Date:  November 29, 2016

Before:  Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ.

                    _____

          Jean Frantz, Elmira, petitioner pro se.

          Eric T. Schneiderman, Attorney General, Albany (Jeffrey W.
Lang of counsel), for respondent.

                    _____

          Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating a
prison disciplinary rule.

          Petitioner was charged in a misbehavior report with using a
controlled substance after a sample of his urine twice tested
positive for THC.  Following a tier III disciplinary hearing, he
was found guilty and this determination was affirmed upon
administrative appeal.  This CPLR article 78 proceeding ensued.

          We confirm.  The misbehavior report, positive drug test
results, related documentation and hearing testimony provide

substantial evidence to support the determination finding petitioner guilty of using a controlled substance (see Matter of Belle v Prack, 140 AD3d 1509, 1510 [2016]; Matter of Martinez v Annucci, 134 AD3d 1380, 1380-1381 [2015]).  Petitioner's challenge to the foundation of the positive test results – due to the fact that the sample identification numbers entered on the two test result forms differed by one number – is unpreserved for our review in light of petitioner's failure to raise this issue at the hearing (see Matter of Monje v Geoghegan, 108 AD3d 957, 957-958 [2013]; Matter of Ortiz v Fischer, 64 AD3d 1111, 1112 [2009]).

        We reject petitioner's contention that he was denied the right to call a particular witness.  Petitioner requested that the Hearing Officer call a pharmacist to testify in support of his claim that his prescription for ibuprofen could have produced a false positive test result.  The record reflects that both a facility nurse and a facility trainer for the drug testing system had already testified at the hearing that petitioner's prescription would not have caused a false positive test result.  Petitioner was also provided a page from the testing equipment's cross-reactivity manual, which provides a list of potential prescription drugs that could cause a false positive test result, indicating that petitioner's prescription could not produce a false positive result.  Accordingly, the Hearing Officer did not err in denying petitioner's request to call the pharmacist as a witness (see Matter of Williams v Annucci, 134 AD3d 1378, 1379 [2015], lv denied 27 NY3d 904 [2016]; Matter of Webb v Leclaire, 52 AD3d 1131, 1132 [2008]).  Finally, upon reviewing the record, we find no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Medina v Annucci, 141 AD3d 1052, 1053 [2016]; Matter of Sawyer v Annucci, 140 AD3d 1499, 1500 [2016]).

        Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court