■ In the Matter of ATIQ WESTON, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [62 NYS3d 202]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

After an inmate was treated by medical staff for serious injuries and later reported that he had been in a cell fight days earlier, an investigation was conducted, and it was determined that petitioner had been in a fight with the inmate. Following a tier III disciplinary hearing, petitioner was found guilty of violent conduct and fighting, and that determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. Contrary to petitioner's contentions, he was not improperly denied the right to call witnesses on his behalf or to request documentation. With regard to petitioner's request to call the other inmate, the record reflects that the inmate had not previously agreed to testify and had signed a witness refusal form, provided to petitioner at the hearing, indicating a plausible explanation for his refusal (*see Matter of Kasiem v Annucci*, 145 AD3d 1278, 1279 [2016]; *Matter of Gano v Venettozzi*, 142 AD3d 1240, 1241 [2016]; *see also Matter of Cortorreal v Annucci*, 28 NY3d 54, 58-59 [2016]). Further, we discern no error in the denial of petitioner's request for medical records and the sick call report of the inmate on the ground that they contained confidential information. At the hearing, petitioner was provided with redacted documents reflecting that the inmate had originally claimed that his injuries, including a broken jaw, were caused by falling out of bed, and the author of the report who investigated the incident testified in

petitioner's presence that the inmate's injuries were inconsistent with such a fall. The Hearing Officer then also obtained medical testimony from the facility nurse and records that confirmed that information. Under these circumstances, petitioner was provided with sufficient, nonredundant relevant documents to prepare a defense (*see Matter of Harrison v Venettozzi*, 150 AD3d 1508, 1510 [2017]; *Matter of Grant v Rock*, 122 AD3d 1225, 1226 [2014]).

We further find no merit in petitioner's claim that the Hearing Officer failed to consider the inmate's statement that there had not been a fight, which supported his defense (*see Matter of Garcia v Prack*, 128 AD3d 1244, 1245 [2015]). The inmate's witness refusal form, which stated in part that "we did not fight," was read aloud by the Hearing Officer, shown to petitioner and made a part of the record. The Hearing Officer's determination to reject petitioner's defense was based upon the evidence establishing that petitioner was in a fight with the inmate, and that the inmate's injuries were not consistent with a fall and were consistent with a fight. Further, as petitioner has already served his penalty, his argument regarding whether it should have been served consecutively to a prior penalty is moot (*see Matter of Bermudez v Griffin*, 142 AD3d 1203, 1204 [2016]). Petitioner's remaining claims have been reviewed and determined to be unpreserved or without merit.

Garry, J.P., Egan Jr., Devine, Clark and Rumsey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.