Matter of Hyatt v Annucci (2018 NY Slip Op 08597)





Matter of Hyatt v Annucci


2018 NY Slip Op 08597


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

526324

[*1]In the Matter of SHANE HYATT, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: October 26, 2018

Before: Garry, P.J., McCarthy, Clark, Rumsey and Pritzker, JJ.


Shane Hyatt, Romulus, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Laura Etlinger of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (McDonough, J.), entered December 11, 2017 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of the Director of Special Housing and Inmate Disciplinary Programs denying petitioner's request to modify the penalties imposed as a result of certain prison disciplinary determinations.
As a result of several incidents that occurred from November 18, 2009 to April 10, 2013, petitioner, a prison inmate, was found guilty of violating numerous prison disciplinary rules. For each of the 15 separate determinations of guilt that were rendered, a penalty was imposed that included, among other things, time in the special housing unit (hereinafter SHU) or keeplock. In each disposition, the Hearing Officer indicated the start and release dates for the time that petitioner was required to spend in the SHU or keeplock, and several of those specified dates overlapped with one other. Because none of the 15 determinations made reference to any of the other determinations or indicated that the SHU or keeplock penalties should run concurrently to previously imposed SHU or keeplock penalties, the Department of Corrections and Community Supervision modified the service dates and required petitioner to serve the penalties consecutively (see 7 NYCRR 253.7 [a] [2]).
In October 2015, petitioner sought, among other things, reconsideration of the calculation of the consecutive SHU penalty periods that had been imposed in connection with the disciplinary determinations rendered from 2009 to 2013. After petitioner's request was rejected, he commenced this CPLR article 78 proceeding challenging, among other things, that determination. Supreme Court dismissed the petition in its entirety, finding, among other things, that, based upon the evidence before it, none of the Hearing Officers had intended to impose concurrent penalties for any of the determinations at issue and, therefore, the SHU and keeplock penalties were properly calculated to run consecutively. Petitioner appeals.
Petitioner's principal contention on appeal is that certain of the challenged penalty periods requiring him to be placed in the SHU or keeplock should have run concurrently. Inasmuch as the record before us reflects that petitioner has already served the segregated confinement penalties that were imposed in connection with the subject hearing dispositions, his present arguments regarding whether those penalties should have been served concurrently are moot (see Matter of Funches v State of New York Dept. of Corr. & Community Supervision, 163 AD3d 1390, 1391 [2018]; Matter of Weston v Annucci, 153 AD3d 1537, 1538 [2017]; cf. Matter of Bermudez v Griffin, 142 AD3d 1203, 1204 [2016]). To the extent that petitioner's remaining contentions are properly before us, they are either lacking in merit or academic in light of our determination herein.
Garry, P.J., McCarthy, Clark, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.