Matter of Davison v Annucci (2019 NY Slip Op 01474)





Matter of Davison v Annucci


2019 NY Slip Op 01474


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

526879

[*1]In the Matter of DARNELL DAVISON, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: February 8, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Darnell Davison, Comstock, petitioner pro se.
Letitia James, Attorney General, Albany (Joseph M. Spadola of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
While a correction officer was escorting petitioner back to his cell following a mental health interview, petitioner indicated that he did not want to return and attempted to head butt the officer in the face. The officer used physical force to restrain petitioner and, while doing so, petitioner kicked another officer in the knee and injured him. As a result of this incident, petitioner was charged in a misbehavior report with assaulting staff, engaging in violent conduct and refusing a direct order. Following a tier III disciplinary hearing, he was found guilty of the first two charges, but not guilty of the last. The determination was later affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.[FN1]
Petitioner contends, among other things, that he was improperly denied evidence consisting of a videotape taken around the time of the incident. Respondent concedes that the Hearing Officer erred in denying petitioner's request and urges that remittal, not expungement, is the proper remedy. Based upon our review of the record, we agree. Although petitioner apparently did not request his assistant to obtain the videotape, he made such request during the course of the hearing. The Hearing Officer denied the request and informed petitioner that because he did not ask his assistant to obtain it, it was unpreserved. Based upon this omission, [*2]the Hearing Officer considered the videotape to be "unavailable." However, there is nothing in the record to indicate that the videotape was, in fact, unavailable or that the Hearing Officer undertook any measures to ascertain if such videotape existed. In view of this, we conclude that petitioner's request was improperly denied (see Matter of Lewis v Rivera, 32 AD3d 1120, 1121 [2006]; Matter of Jenkins v Coughlin, 190 AD2d 937, 938 [1993], lv denied 82 NY2d 651 [1993]; compare Matter of Ocasio v Bullis, 162 AD3d 1424, 1425 [2018]; Matter of Blocker v Fischer, 107 AD3d 1285, 1286 [2013]). Under the circumstances presented, the appropriate remedy is remittal for a new hearing (see Matter of Lewis v Rivera, 32 AD3d at 1121; Matter of Jenkins v Coughlin, 190 AD2d at 938).
Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Although the proceeding was properly transferred as the verified petition raised the issue of substantial evidence, petitioner has abandoned such issue by not addressing it in his brief (see Matter of Sudler v Annucci, 166 AD3d 1351, 1352 n [2018]).