Matter of Espinal v Annucci (2019 NY Slip Op 06670)





Matter of Espinal v Annucci


2019 NY Slip Op 06670


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

528426

[*1]In the Matter of Henry Espinal, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: August 30, 2019

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Henry Espinal, Alden, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with assaulting staff, engaging in violent conduct, refusing a direct order, violating facility frisk procedures, possessing contraband and interfering with staff. According to the report, petitioner was observed by a correction officer heading to the recreation yard with a full water bottle. The officer informed petitioner — incorrectly as it turns out — that only empty water bottles were permitted to be taken into the yard and ordered him to submit to a pat frisk. During the frisk, petitioner became agitated and belligerent and attempted to kick the officer. Following a tier III disciplinary hearing, the charge of possessing contraband was dismissed, but petitioner was found guilty of the remaining charges. On administrative appeal, the determination was modified by dismissing the interfering with staff charge, but otherwise affirmed. This CPLR article 78 proceeding ensued.
The detailed misbehavior report provides substantial evidence to support the determination (see Matter of Green v Kirkpatrick, 167 AD3d 1138, 1139 [2018], lv denied 32 NY3d 919 [2019]; Matter of Boitschenko v Annucci, 156 AD3d 1066, 1066 [2017]). Petitioner's denial of the charges created a credibility determination for the Hearing Officer to resolve (see Matter of Nelson v Annucci, 172 AD3d 1806, 1806 [2019]; Matter of Gonzalez v Annucci, 168 AD3d 1291, 1292 [2019]). Moreover, even if petitioner was allowed to bring a full water bottle out to the yard, he was not free to disobey a direct order or behave in a disruptive or violent way (see Matter of Bekka v Annucci, 168 AD3d 1334, 1335 [2019]; Matter of Watson v Gardner, 156 AD3d 1050, 1051 [2017]). Petitioner's challenge to the length of time he was confined to the special housing unit is moot, insofar as he has served the entire penalty, which did not include any loss of good time (see Matter of Funches v State of New York Dept. of Corr. & Community Supervision, 163 AD3d 1390, 1391 [2018], lv denied 32 NY3d 1140 [2019]; Matter of Bermudez v Griffin, 142 AD3d 1203, 1204 [2016]).
We agree, however, with petitioner's contention that he was improperly denied evidence consisting of a videotape taken at the time of the incident. Petitioner requested the videotape from his employee assistant and at the hearing. Although the Hearing Officer informed petitioner that no videotape existed, the record contains a facility Video Preservation Form indicating that a videotape, taken in the area of the incident on the date in question, was preserved. Inasmuch as the record does not indicate that the Hearing Officer undertook any measures to ascertain whether the videotape existed, we find that petitioner's request was improperly denied (see Matter of Davison v Annucci, 169 AD3d 1318, 1319 [2019]; Matter of Lewis v Rivera, 32 AD3d 1120, 1121 [2006]). Under these circumstances, the appropriate remedy is to remit the matter for a new hearing (see Matter of Davison v Annucci, 169 AD3d at 1319; Matter of Lewis v Rivera, 32 AD3d at 1121).
Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.