Walton v Annucci (2020 NY Slip Op 01687)





Walton v Annucci


2020 NY Slip Op 01687


Decided on March 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 12, 2020

529229

[*1]In the Matter of Timothy Walton, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: February 7, 2020

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Reynolds Fitzgerald, JJ.


Timothy Walton, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
During a search of petitioner's prison cell, a correction officer found suspicious contraband consisting of a green leafy substance stored in a plastic glove and plastic bowl and a clear liquid stored in plastic vials. Upon securing the contraband and attempting to apply mechanical restraints to petitioner so that he could be taken to the strip frisk area, petitioner resisted and attempted to strike the correction officer who was applying the restraints. Petitioner was eventually restrained, and, as a result of the incident, petitioner was charged in a misbehavior report with possessing drugs, possessing contraband, engaging in violent conduct, attempting to assault staff, creating a disturbance and refusing a direct order. Following a tier III disciplinary hearing, petitioner was found not guilty of refusing a direct order and guilty of the remaining charges. Upon administrative appeal, the determination was affirmed. This CPLR article 78 proceeding ensued.[FN1]
We confirm. We are unpersuaded by petitioner's contention that he was improperly denied the right to call certain witnesses at the hearing. The Hearing Officer attempted to obtain the requested testimony from a representative of the manufacturer of the testing equipment, but the manufacturer refused to make a witness available to testify at the disciplinary hearing (see Matter of Campos v New York State Dept. of Corr. & Community Supervision, 159 AD3d 1254, 1254 [2018]; Matter of Meehan v Annucci, 144 AD3d 1278, 1279 [2016]; Matter of Timmons v Annucci, 139 AD3d 1224, 1224 [2016], lv denied 28 NY3d 903 [2016]). Inasmuch as the correction officer who performed the drug testing testified at the hearing, petitioner was not improperly denied testimony from a facility trainer for the drug testing system, as such testimony would have been redundant or irrelevant to the charges (see 7 NYCRR 254.5 [a]; Matter of Frantz v Venettozzi, 146 AD3d 1254, 1255 [2017], lv denied 29 NY3d 919 [2017]).
We further reject petitioner's contention that the Hearing Officer improperly denied his request to call a certain inmate as a witness at the hearing because the Hearing Officer failed to ascertain the reason for the inmate's refusal to testify. The record establishes that the inmate witness, who did not previously agree to testify, signed a witness refusal form (see Matter of Cortorreal v Annucci, 28 NY3d 54, 59 [2016]). In any event, the inmate's testimony would have been properly excluded by the Hearing Officer as irrelevant because he did not witness the incident (see Matter of Yarborough v Annucci, 164 AD3d 1667, 1667 [2018]; Matter of Davis v Goord, 46 AD3d 955, 956 [2007], lv dismissed 10 NY3d 821 [2008]; cf. Matter of Kasiem v Annucci, 145 AD3d 1278, 1279 [2016]). Petitioner was not improperly denied documentary evidence in the form of phone records relating to another inmate's purported phone calls, given that the records did not depict or concern the incident in question and were therefore irrelevant (see Matter of Matthews v Annucci, 175 AD3d 1713, 1714 [2019]). Finally, the record belies petitioner's claim that the Hearing Officer predetermined his guilt or that the determination flowed from any alleged bias (see Matter of Campos v New York State Dept. of Corr. & Community Supervision, 159 AD3d at 1255). To the extent that petitioner's remaining claims are properly before us, they have been considered and found to be without merit.
Egan Jr., J.P., Lynch, Mulvey, Devine and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Although petitioner does not raise the issue of substantial evidence in his petition and, thus, the proceeding was improperly transferred, we shall retain jurisdiction and address petitioner's claims in the interest of judicial economy (see Matter of Mitchell v Rodriguez, 175 AD3d 787, 788 n [2019]; Matter of Bonds v Annucci, 166 AD3d 1250, 1250 n [2018]).