■ In the Matter of INJAH TAFARI, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [911 NYS2d 234]—

Appeal from a judgment of the Supreme Court (Stein, J.), entered July 16, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was escorted back to his cell and, after he entered his cell, he moved his mattress to block the cell door from closing and refused to remove it despite direct orders to do so. As a result, he was served with a misbehavior report and, following a tier III disciplinary hearing, was found guilty of interference and refusing a direct order. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the application, and petitioner now appeals.

We affirm. Contrary to petitioner's contention that he was denied documentary evidence in the form of a videotape of the incident, the record establishes that petitioner viewed the videotape with the Hearing Officer during the course of the hearing and it was determined to be inconclusive. Additionally, we do not find that petitioner's rights were violated by the fact that only a partial videotape was available because of a malfunction in the recording equipment (see Matter of Parker v Fischer, 70 AD3d 1086, 1087 [2010]; Matter of Ferrar v Selsky, 1 AD3d 671, 672 [2003]). Petitioner's claim that he was denied the right to call witnesses is equally unavailing. Where the witnesses had previously agreed to testify, the Hearing Officer attempted to conduct a personal interview with each of them on the record to determine why they would not testify and, thus, we find that petitioner's right to call witnesses was adequately protected (see Matter of West v Bezio, 63 AD3d 1464, 1465 [2009]; Matter of Hill v Selsky, 19 AD3d 64, 67 [2005]).*

Mercure, J.P., Spain, Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

---

* Of the three inmates who refused to testify, one indicated that he would not testify due to fear of retaliation, one refused to speak at all and the third, who the Hearing Officer knew to speak English, chose only to respond in Spanish, which was reasonably interpreted as an unwillingness to cooperate.