*457 Order, Supreme Court, New York County (Paul G. Feinman, J.), entered April 18, 2012, as amended by order entered June 21, 2012, which, to the extent appealed from, granted defendants’ motion to dismiss the complaint, unanimously affirmed, with costs.
At issue is the second of two actions between the parties stemming from a former attorney-client relationship. In the first action, plaintiffs attorney sued her for breach of contract and account stated, seeking attorneys’ fees. In the second action, plaintiff asserts claims of fraud and a violation of Judiciary Law § 487, based on allegations that the underlying retainer agreement was fraudulent and forged, that fraudulent invoices were presented to the court and jury in the first action, that she was at times double-billed for legal services by defendants, and that her attorney committed perjury in the first action. Thus, plaintiff’s claims arose from the same transaction as that underlying the first action. As the motion court noted, plaintiffs claims regarding the retainer agreement and invoices address the “core” of the litigation in the first action for attorney’s fees and thus should have been raised in that action. They are thus barred by res judicata principles (see Matter of Josey v Goord, 9 NY3d 386, 389-390 [2007]; Marinelli Assoc. v Helmsley-Noyes Co., 265 AD2d 1, 5-6 [1st Dept 2000]; see also Smith v Russell Sage Coll., 54 NY2d 185, 192 [1981]).
Moreover, with the sole exception of the alleged forgery of one of the retainer agreements, which plaintiff had a full and fair opportunity to litigate but due to her own oversight did not litigate, the issue of fraud was litigated and was necessarily decided by the jury in reaching its damages calculation. Plaintiff is thus collaterally estopped to re-litigate those claims (Buechel v Bain, 97 NY2d 295, 303 [2001], cert denied 535 US 1096 [2002]).
While the trial in the first action was limited to damages, contrary to plaintiff’s contentions, the jury’s calculation was not merely “mathematical” in light of the evidence that she was permitted to present. In calculating the total damages, the jury necessarily had to consider and reject plaintiffs arguments that certain invoices were manufactured or altered and had to make a determination as to the credibility of her former attorney, defendant Stephanie Cooper, in connection with any perjury allegation.
While plaintiff claims that the court’s in limine ruling at trial, which on its face prohibited her from impugning Cooper’s *458 character at trial or challenging her own liability to pay for the legal services rendered, the complaint in the second action belies her claim, since it contains no other allegations than those she fully litigated in the trial of the first action. Furthermore, the transcript makes clear that she was able to present extensive evidence of these claims in her defense.
Moreover, it is apparent that plaintiff’s complaint stems entirely from fraud allegedly committed in connection with the first action, and thus amounts to an impermissible collateral attack on the first judgment (Matter of New York Diet Drug Litig., 47 AD3d 586 [1st Dept 2008]; Rivero v Ordman, 277 App Div 231 [1st Dept 1950]).
Contrary to plaintiffs assertions, the motion court cited and applied the correct standard of review, and properly rejected as incredible plaintiff’s claims that she did not scrutinize the retainer agreement and discover the forgery and any related fraudulent conduct during the trial in the first action. As the court noted, that retainer agreement was the entire basis of the first action. Furthermore, plaintiffs claim that she did not scrutinize the agreement sooner due to her wholesale trust of Cooper, a former long-time friend, seems to us similarly incredible, given that plaintiff’s purported long-time friend had by that time withdrawn as counsel from her case, had, by plaintiffs allegations, betrayed confidences in the underlying litigation, had sued plaintiff, and had affirmatively sought to prevent plaintiff from attacking her character. Concur — Sweeny, J.E, Andrias, Freedman, Richter and Clark, JJ.