Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
As petitioner approached the entrance to the facility gym, the alarm on the metal detector sounded and the correction officer who was monitoring it proceeded to conduct a pat frisk of petitioner and scanned him with a hand-held metal detector. During this process, the metal detector’s alarm activated as the officer passed it over petitioner’s right shoe, at which point petitioner struck the officer and a physical altercation ensued. Petitioner was eventually brought under control with the assistance of staff and a metal shank with a cloth handle was recovered from his right shoe. As a result, he was charged in a misbehavior report with possessing a weapon, assaulting staff, creating a disturbance, engaging in violent conduct and interfer *1240 ing with an employee. Following a tier III disciplinary hearing, he was found guilty of all of the charges except for creating a disturbance. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and related documentation, together with the testimony of the correction officers familiar with the incident, provide substantial evidence supporting the determination of guilt (see Matter of Quezada v Fischer, 113 AD3d 1004, 1004 [2014]; Matter of Moreno v Fischer, 100 AD3d 1167, 1167 [2012]). Although petitioner maintained that he was assaulted by the monitoring officer, that this officer planted the weapon and that the misbehavior report was written in retaliation for a grievance he had filed against the officer, his testimony presented credibility issues for the Hearing Officer to resolve (see Matter of Quezada v Fischer, 113 AD3d at 1004; Matter of Peoples v Bezio, 94 AD3d 1299, 1300 [2012]). Furthermore, we reject petitioner’s claim that he was improperly removed from the hearing given that he continued to engage in disruptive and uncooperative behavior despite the Hearing Officer’s warnings that he would be expelled from the hearing if such conduct persisted (see Matter of Blocker v Fischer, 107 AD3d 1285, 1286 [2013]; Matter of Huggins v Noeth, 106 AD3d 1351, 1352 [2013]). We have considered petitioner’s remaining contentions and find them either unpreserved for our review or lacking in merit.
Peters, PJ., Rose, Egan Jr., Lynch and Clark, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.