■ In the Matter of DANIEL FELDER, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [990 NYS2d 370]—

Appeal from a judgment of the Supreme Court (Lawliss, J.), entered October 16, 2013 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in four misbehavior reports with violating numerous prison disciplinary rules as a result of him conspiring to assault a prison employee and becoming violent when several correction officers attempted to restrain him. Following a disciplinary hearing on all four reports, petitioner was found guilty of assaulting staff (four counts), violent conduct (four counts), creating a disturbance (two counts), refusing a direct order, refusing a search, and being out of place. The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued. Supreme Court dismissed the petition, and petitioner now appeals.

We affirm. Petitioner questions the Hearing Officer's failure to provide photographs and medical reports of the injured correction officers after the officers had testified, but any error in that regard was harmless given that the officers testified to their injuries and the record contained overwhelming evidence of petitioner's guilt (see Matter of Martin v Fischer, 98 AD3d 774, 775 [2012]; Matter of Brown v Goord, 300 AD2d 777, 777 [2002]). Petitioner also asserts that he was deprived of the opportunity to review a to/from memorandum purportedly authored by one of the officers but, inasmuch as the record reveals that said document does not exist, the Hearing Officer cannot be faulted for failing to provide it (see Matter of Martin v

*Fischer,* 109 AD3d 1026, 1027 [2013]). Petitioner's remaining arguments, to the extent they are properly preserved for our review, have been examined and found to lack merit.

Peters, P.J., Stein, McCarthy, Lynch and Clark, JJ., concur. Ordered that the judgment is affirmed, without costs.