*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                    518868
_____

In the Matter of DARYL KELLY,
                    Petitioner,

          v                                    MEMORANDUM  AND  JUDGMENT

COMMISSIONER OF CORRECTIONS AND
    COMMUNITY SUPERVISION et al.,
                    Respondents.
_____

Calendar Date:   September 16, 2014

Before:   Peters, P.J., Stein, McCarthy, Rose and Egan Jr., JJ.

                    _____


          Daryl Kelly, Beacon, petitioner pro se.

          Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondents.

                    _____


          Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Commissioner of Corrections
and Community Supervision which found petitioner guilty of
violating certain prison disciplinary rules.

          Petitioner became disruptive after he was advised by a
nurse that he would have to spend the night in the prison
infirmary.  A correction officer repeatedly ordered him to stop
arguing with the nurse.  Petitioner responded that he knew the
officer's father also worked in the prison and that the officer
should "watch [his] back."  The officer thereafter charged
petitioner in a misbehavior report with making threats, refusing
a direct order, creating a disturbance and harassment.  Following
a tier III disciplinary hearing, petitioner was found guilty as
charged.  The determination was affirmed upon administrative

review, and this CPLR article 78 proceeding ensued.

Contrary to petitioner's contention, the misbehavior report adequately set forth the rule violations alleged and the conduct that formed the basis for the charges against him (see Matter of Guillory v Fischer, 110 AD3d 1426, 1427 [2013], appeal dismissed 22 NY3d 1111 [2014]; Matter of Toro v Fischer, 104 AD3d 1036, 1037 [2013]).  That report and the hearing testimony constitute substantial evidence to support the determination of guilt (see Matter of Evans v Fischer, 116 AD3d 1329, 1330 [2014]).  Petitioner's assertion that the version of events presented in the misbehavior report was inaccurate did nothing more than create credibility issues for the Hearing Officer to resolve (see id.; Matter of Flemming v Rock, 112 AD3d 1259, 1260 [2013], lv denied 22 NY3d 863 [2014]).  His remaining arguments, including the claims that the Hearing Officer failed to make an adequate inquiry into the refusal of an inmate witness to testify and that witnesses should have been physically present at the hearing, have been examined and found to lack merit.

Peters, P.J., Stein, McCarthy, Rose and Egan Jr., JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court