## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 22, 2015                    518043
_____

In the Matter of ERIC CASEY,
                    Petitioner,

                    v                          MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____


Calendar Date:  October 21, 2014

Before:  Peters, P.J., Lahtinen, Egan Jr., Lynch and Devine, JJ.

                    _____


        Eric Casey, New York City, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Washington
County) to review a determination of the Commissioner of
Corrections and Community Supervision which found petitioner
guilty of violating certain prison disciplinary rules.

        A correction officer observed petitioner, a prison inmate,
retrieve an unknown item from a cell.  After the officer ordered
petitioner to submit to a pat frisk, petitioner attacked the
officer and had to be forcibly subdued.  Petitioner was
accordingly charged in a misbehavior report with assaulting
staff, engaging in violent conduct, refusing a direct order and
refusing a pat frisk.  Following a tier III disciplinary hearing,
he was found guilty as charged.  The determination was affirmed
upon administrative review, and this CPLR article 78 proceeding

ensued.

We confirm.  The misbehavior report and related documentation, as well as the testimony of the correction officer who was assaulted, provide substantial evidence to support the determination of guilt (see Matter of Alsaifullah v Fischer, 118 AD3d 1239, 1240 [2014], lv denied 24 NY3d 906 [2014]; Matter of Quezada v Fischer, 113 AD3d 1004, 1004 [2014]).  Petitioner maintained that he had been assaulted without provocation and that the officer's injuries were fabricated, but his testimony presented credibility issues for the Hearing Officer to resolve (see Matter of Alsaifullah v Fischer, 118 AD3d at 1240). Petitioner further contends that documentary evidence and testimony regarding the officer's injuries were relevant and should have been provided "absent a showing that [such evidence] would jeopardize institutional security" (Matter of Wright v Fischer, 98 AD3d 759, 759-760 [2012]).  Any error that may have occurred in that regard is harmless, however, as those injuries were exhaustively detailed by other documents and hearing testimony in the record (see Matter of Felder v Fischer, 120 AD3d 858, 858 [2014]; Matter of Martin v Fischer, 98 AD3d 774, 775 [2012]).

Peters, P.J., Lahtinen, Egan Jr., Lynch and Devine, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:


Robert D. Mayberger
Clerk of the Court