# State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  May 12, 2016                    521698
_____

In the Matter of CALVIN PAYTON,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  March 29, 2016

Before:  Lahtinen, J.P., Egan Jr., Rose, Lynch and Mulvey, JJ.

_____

        Calvin Payton, Gowanda, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____


        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        During the course of an investigation, a correction officer received confidential information implicating petitioner as the organizer of a group of inmates involved in the assault of an inmate and the planned assault of two correction officers.  The information received also disclosed that petitioner instructed these inmates to, among other things, refuse to attend programs as a way of protesting the withholding of certain privileges.  As a result of his actions, petitioner was charged in a misbehavior report with assaulting an inmate, conspiring to assault staff, fighting, engaging in violent conduct, organizing a demonstration

and engaging in an unauthorized assembly.  He was found guilty of the charges following a tier III disciplinary hearing and the determination was later upheld on administrative appeal.  This CPLR article 78 proceeding ensued.

Petitioner contends, among other things, that the Hearing Officer improperly denied him the right to have certain inmate witnesses testify at the hearing and also failed to comply with 7 NYCRR 254.5 (a).  Based upon our review of the record, we must agree.  Prior to the hearing, petitioner gave his assistant a list of 13 potential inmate witnesses who might testify.  At the hearing, it appears that he wished to have some of these witnesses testify, but the content of their proposed testimony was never ascertained by the Hearing Officer.  Instead, the Hearing Officer limited the number of witnesses to three, stating that he was not going to allow redundant testimony. Significantly, however, the Hearing Officer never explained the reason that the testimony would be redundant and this is not clear from the record.  Under these circumstances, we find that the denial of the remaining inmate witnesses was error (see Matter of Benito v Calero, 102 AD3d 778, 780 [2013]; Matter of Gross v Yelich, 101 AD3d 1298, 1298 [2012]).  Likewise, we note that the Hearing Officer failed to provide a written statement setting forth the reasons for the denial as required by 7 NYCRR 245.5 (a) (see Matter of Texeira v Fischer, 26 NY3d 230, 234 [2015]; Matter of Hill v Selsky, 19 AD3d 64, 66 [2005]). Accordingly, the determination must be annulled.  However, given that the Hearing Officer set forth a good faith reason for the denial on the record, he committed a regulatory violation and remittal for a new hearing, rather than expungement, is the appropriate remedy  (see Matter of Morris-Hill v Fischer, 104 AD3d 978, 978-979 [2013]; Matter of Santiago v Fischer, 76 AD3d 1127, 1127 [2010]).  In view of this, we need not address petitioner's remaining claim.

Lahtinen, J.P., Egan Jr., Rose, Lynch and Mulvey, JJ., concur.

ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court