*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 28, 2016                    522142
_____

In the Matter of CHAUNCEY
    GIRARD,
                          Petitioner,

            v                              MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                          Respondent.
_____

Calendar Date:   June 6, 2016

Before:   Peters, P.J., Lahtinen, Egan Jr., Rose and Clark, JJ.

                    _____


        Chauncy Girard, Comstock, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondent.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Petitioner was charged with various prison disciplinary
violations arising from three separate incidents that occurred on
the same day.  The first misbehavior report charged him with
violent conduct, assaulting staff, interfering with an employee
and refusing a direct order.  These charges arose out of an
incident in which petitioner initially refused an order from a
correction officer to leave the mess hall and thereafter became
belligerent and aggressive, requiring several correction officers
to intervene.  After being ordered to place his hands against a

wall, petitioner attempted to strike one of the officers with his elbow. The second misbehavior report charged him with violent conduct, refusing a direct order, interfering with an employee and failing to comply with frisk procedures. According to the report, petitioner was uncooperative during a special housing unit admission strip frisk, sitting down on the floor and refusing to allow the frisk to continue until force had to be used. The third misbehavior report charged him with refusing a direct order and failing to comply with urinalysis testing procedures after he refused a correction officer's request to provide a urine sample. Following a tier III disciplinary hearing on the three misbehavior reports, petitioner was found guilty as charged. That determination was affirmed on administrative review, with a reduced penalty. This CPLR article 78 proceeding ensued.

Substantial evidence, including the misbehavior reports, related documentation and the hearing testimony, supports the determination of guilt with respect to the charges in the first and third misbehavior reports (see Matter of Genyard v Annucci, 136 AD3d 1091, 1091 [2016]; Matter of Tavarez v Annucci, 134 AD3d 1374, 1374 [2015]). Petitioner's contentions that he was assaulted by correction officers in retaliation for grievances he had submitted and a lawsuit he had commenced against the facility superintendent and that the first misbehavior report was fabricated to cover up the assault presented credibility issues for the Hearing Officer to resolve (see Matter of Lashway v Fischer, 91 AD3d 1239, 1239-1240 [2012], lv denied 19 NY3d 805 [2012]; Matter of Reynoso v Fischer, 73 AD3d 1315, 1316 [2010]).

As to the second misbehavior report, respondent concedes, and we agree, that the charge of violent conduct is not supported by substantial evidence. Accordingly, we annul that part of the determination. Inasmuch as the penalty imposed included a loss of good time, the matter must be remitted for a redetermination of the penalty (see Matter of Tafari v Annucci, 137 AD3d 1356, 1357 [2016]). Turning to the remaining charges in this report, the misbehavior report and related documentation, hearing testimony and the videotape of the incident provide substantial evidence to support the determination of guilt (see Matter of Hyatt v Annucci, 127 AD3d 1479, 1480 [2015]; Matter of Toliver v

Commissioner of N.Y. State Dept. of Corr. & Community Supervision, 107 AD3d 1263, 1263 [2013]). Contrary to petitioner's contention, there is nothing in the videotape that contradicts the second misbehavior report (see Matter of Lionkingzulu v Fischer, 107 AD3d 1194, 1194 [2013]; Matter of McLaughlin v Fischer, 69 AD3d 1071, 1072 [2010]).

Turning to petitioner's procedural challenges, any deficiencies in petitioner's employee assistance were remedied by the Hearing Officer, and petitioner has not demonstrated any prejudice (see Matter of Castillo v Fischer, 120 AD3d 1493, 1493 [2014]; Matter of Pooler v Fischer, 107 AD3d 1256, 1257 [2013], lv denied 22 NY3d 855 [2013]). Finally, there is no evidence to support petitioner's contention that he was threatened by the Hearing Officer either in the facility infirmary or while off the record during the hearing (see Matter of Almonte v Fischer, 70 AD3d 1156, 1157 [2010], lv denied 14 NY3d 709 [2010]). Moreover, there is nothing in the record indicating that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Horton v Annucci, 133 AD3d 1002, 1003 [2015]; Matter of Williams v Prack, 130 AD3d 1123, 1124 [2015]). Petitioner's remaining claims, to the extent that they are properly before us, have been reviewed and found to be without merit.

Peters, P.J., Lahtinen, Egan Jr., Rose and Clark, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of violent conduct as charged in the second misbehavior report and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references to this charge from petitioner's institutional record, and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court