■ In the Matter of JAMES DAVIS, Petitioner, v JOHN LEMPKE, as Superintendent of Five Points Correctional Facility, et al., Respondents. [48 NYS3d 630]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in two misbehavior reports with

violating certain prison disciplinary rules. The first misbehavior report related that petitioner was randomly frisked, was found to have contraband on his person and was told to return to his cell. While he was being escorted back to his cell by a correction officer, petitioner became verbally abusive and, when the correction officer gave him a direct order to return to his cell, petitioner struck the correction officer in the face. As a result, petitioner was charged in the misbehavior report with refusing a direct order, assaulting staff, engaging in violent conduct, smuggling and creating a disturbance. The second misbehavior report, charging petitioner with possession of marihuana, indicated that a green, leafy substance was found in a deodorant container while petitioner's cell was being packed up for his transfer to the special housing unit and that substance tested positive for marihuana. Following a tier III disciplinary hearing on both misbehavior reports, petitioner was found guilty of all charges with the exception of creating a disturbance. That determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.

The misbehavior reports, related documentation and testimony at the hearing from the correction officers involved in the incidents provide substantial evidence to support the determination of guilt (*see Matter of Sealey v Bezio*, 95 AD3d 1577, 1578 [2012]). Any alleged inconsistencies in the testimony, as well as petitioner's assertion that he was attacked by the correction officers, presented a credibility issue for the Hearing Officer to resolve (*see Matter of Young v Prack*, 142 AD3d 1226, 1227 [2016]; *Matter of Casey v Prack*, 124 AD3d 1110, 1111 [2015]). Petitioner's remaining contentions were not raised on his administrative appeal and, therefore, are unpreserved for our review (*see Matter of Rivera v Fischer*, 106 AD3d 1352, 1353 [2013]).

Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.