■ In the Matter of RAYMOND GASTON, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents. [49 NYS3d 585]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent Superintendent of Shawangunk Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was called to the medical unit and ordered to surrender his knee brace for inspection. He declined, stating that he needed it to do physical therapy exercises and would bring it the following day. That same day, petitioner was directed to walk through a metal detector and also to submit to a pat frisk. He initially refused and used profane language when asked to put his hands on the wall for the pat frisk, but he eventually complied with both directives. As a result of these incidents, petitioner was charged in two misbehavior reports with various disciplinary rule violations. Two tier II disciplinary hearings were conducted with respect to the charges contained in each misbehavior report. At the conclusion of these hearings, petitioner was found guilty of refusing a direct order as charged in the first report, and refusing a direct order and failing to comply with frisk procedures as charged in the second report. After both determinations were affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior reports and the testimony adduced at the two disciplinary hearings provide substantial evidence supporting the subject determinations (*see Matter of Shepherd v Fischer*, 122 AD3d 987, 988 [2014]; *Matter of Kelly v Commissioner of Corrections & Community Supervision*, 122 AD3d 997, 998 [2014]). Petitioner's testimony that the misbehavior reports were written in retaliation for prior complaints that he had filed presented credibility issues for the Hearing Officers to resolve (*see Matter of White v Fischer*, 95 AD3d 1582, 1583 [2012]; *Matter of Odom v Selsky*, 58 AD3d 1060, 1061 [2009]). Contrary to his claim, our review of the transcript of the second disciplinary hearing does not reveal inaudible gaps that are so significant as to preclude meaningful review (*see Matter of Bailey v Prack*, 140 AD3d 1508, 1509 [2016], *lv denied* 28 NY3d 904 [2016]; *Matter of Sawyer v Annucci*, 140 AD3d 1499, 1499-1500 [2016]). We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or are lacking in merit.

McCarthy, J.P., Garry, Egan Jr., Devine and Aarons, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.