■ In the Matter of ALBERT HARRIOTT, Petitioner, v CARL KOENIGSMANN, as Chief Medical Officer of Corrections and Community Supervision, et al., Respondents. [53 NYS3d 401]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by an order of the Supreme Court, entered in Albany County) to review (1) a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules, and (2) a determination of the Central Office Review Committee denying petitioner's grievance.

Petitioner was charged in a misbehavior report with refusing a direct order, a movement violation, creating a disturbance, harassment, obstructing visibility, interfering with staff and making threats. According to the misbehavior report, petitioner was leaving the shower room when he was told by a correction officer to report to a sergeant's office for an interview regarding a grievance he had submitted. Petitioner refused to report and continued walking toward his cell. The sergeant then exited his office and observed petitioner stopped on the cellblock in front of another inmate's cell. The sergeant ordered petitioner to report for the interview several times and petitioner refused, whereupon petitioner was ordered into his cell. After petitioner entered his cell, the sergeant observed that petitioner had hung several shirts from his cell bars, partially obscuring the view inside. Petitioner refused repeated orders to remove the shirts before eventually complying and informed the sergeant that he would just hang them up again after the sergeant left. Petitioner further advised the sergeant that if the sergeant wrote him a ticket, petitioner would file a grievance against the sergeant claiming harassment. Following a tier III disciplinary hearing, petitioner was found guilty as charged. On administrative appeal, the charge of making threats was dismissed and the penalties were reduced, but the determination was otherwise upheld. Petitioner thereafter commenced this CPLR article 78 proceeding challenging both the disciplinary determination and a determination of the Central Office

Review Committee that denied a grievance filed by him, in which he challenged a diagnosis by facility medical staff and the denial of his request for a second medical opinion by a physician of his own choice.

Initially, regarding the denial of petitioner's grievance, there is no evidence in the record that he was misdiagnosed by facility staff or that he complied with Department of Corrections and Community Supervision policy regarding his request to be seen by a medical consultant of his choice (*see* Department of Corrections and Community Supervision, Division of Health Services Policy Manual Item 7.02). Accordingly, there is no basis to conclude that the Central Office Review Committee's determination denying petitioner's grievance was irrational (*see generally Matter of Barnes v Bellamy*, 137 AD3d 1391, 1392 [2016]).

Turning to the disciplinary matter, the misbehavior report and hearing testimony provide substantial evidence supporting the determination of guilt (*see Matter of Terrence v Annucci*, 134 AD3d 1339, 1340 [2015]; *Matter of Sanders v Annucci*, 128 AD3d 1156, 1157 [2015], *appeal dismissed* 26 NY3d 964 [2015]). The contrary testimony of petitioner and his inmate witnesses, as well as petitioner's claim that the charges were fabricated in retaliation for previous grievances that he had filed—which was denied by the author of the misbehavior report—raised credibility issues for the Hearing Officer to resolve (*see Matter of Garrow v Annucci*, 141 AD3d 1046, 1047 [2016]; *Matter of Jones v Fischer*, 138 AD3d 1294, 1295 [2016]; *Matter of Pulliam v Whitmore*, 24 AD3d 921, 922 [2005]).

Petitioner requested the testimony of three inmates who were housed in the area where, according to the misbehavior report, petitioner stopped on the way to his cell. Two of the witnesses testified that petitioner did not stop there at the time of the incident and they did not hear the sergeant give petitioner any orders. The Hearing Officer noted that the third inmate witness was out of the facility for a court appearance and confirmed that petitioner intended to elicit the same information from that witness as he had from the previous two inmate witnesses. Insofar as the record supports the Hearing Officer's conclusion that the requested testimony would therefore be redundant, the Hearing Officer properly denied the request for the third inmate witness (*see Matter of White v Fischer*, 121 AD3d 1478, 1479 [2014]; *Matter of Williams v Prack*, 114 AD3d 979, 980 [2014]).

We reach a different conclusion regarding the denial of certain other witnesses. Petitioner requested the testimony of

a correction officer that he believed was present with the sergeant during the incident. Petitioner did not know the name of the witness, but gave the Hearing Officer a description and requested that the Hearing Officer review the logbooks to identify the witness. The Hearing Officer denied the witness, based upon the testimony of the sergeant that he was alone during the incident with petitioner. Inasmuch as the record does not reflect that the Hearing Officer reviewed the logbooks or made any other effort to identify the witness, we cannot say that a diligent effort was made to locate the witness (*cf. Matter of McClough v Fischer*, 118 AD3d 1228, 1229 [2014]; *Matter of Aguirre v Fischer*, 111 AD3d 1219, 1220 [2013]; *Matter of Fowler v Fischer*, 106 AD3d 1344, 1345 [2013], *lv denied* 21 NY3d 865 [2013]).

Petitioner also requested the testimony of 50 unidentified inmates who, according to the misbehavior report and hearing testimony, were delayed in returning to their cells from breakfast because of the incident involving petitioner. A correction officer testified that, because of the incident, she was unable to release those inmates to return to petitioner's cellblock for approximately five to seven minutes. The Hearing Officer denied petitioner's request, stating that he was not going to call 50 witnesses. We disagree with respondents' contention that the requested testimony was irrelevant because the inmates did not witness the incident involving petitioner, inasmuch as their testimony was relevant to the charge of interfering with staff. In our view, petitioner was improperly denied the right to call a reasonable number of these witnesses, who were all housed on the same cellblock and should have been easily identifiable. Although calling all 50 witnesses would be impractical and unnecessary, the requested testimony was not irrelevant or redundant, and the Hearing Officer's blanket denial of these witnesses was therefore improper (*see Matter of Payton v Annucci*, 139 AD3d 1223, 1223 [2016]). Accordingly, the determination finding petitioner guilty of violating certain prison disciplinary rules must be annulled. Insofar, however, as the Hearing Officer set forth good faith reasons for the denial of the correction officer and inmate witnesses, we conclude that remittal for a new hearing, rather than expungement, is the appropriate remedy (*see Matter of Payton v Annucci*, 139 AD3d at 1223-1224; *Matter of Hand v Gutwein*, 113 AD3d 975, 975-976 [2014], *lv denied* 22 NY3d 866 [2014]).

Peters, P.J., Egan Jr., Rose, Devine and Clark, JJ., concur. Adjudged that the determination denying petitioner's grievance is confirmed, without costs, and petition dismissed to that extent.

Adjudged that the determination finding petitioner guilty of violating certain prison disciplinary rules is annulled, without costs, petition granted to that extent and matter remitted to respondent Commissioner of Corrections and Community Supervision for further proceedings not inconsistent with this Court's decision.