■ In the Matter of DEREK A. HEYLIGER, Petitioner, v MICHAEL KIRKPATRICK, as Superintendent of Clinton Correctional Facility, et al., Respondents. [56 NYS3d 910]—

---

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

While petitioner was being escorted from the yard to his cell by two correction officers, he became aggressive and struck one of the officers in the face. During the physical altercation that ensued, petitioner ignored directives to cease engaging in such conduct. After other officers intervened, he was eventually subdued and then escorted to the hospital. Thereafter, he was charged in a misbehavior report with assaulting staff, creating a disturbance, engaging in violent conduct and refusing a direct order. Following a tier III disciplinary hearing, petitioner was found guilty of all charges, and the determination was later affirmed on administrative appeal. He subsequently commenced this CPLR article 78 proceeding challenging the determination.

We confirm. The misbehavior report, related documentation and testimony of correction officers involved in the incident provide substantial evidence supporting the determination of guilt (*see Matter of Davis v Lempke*, 148 AD3d 1366, 1367 [2017]; *Matter of Jackson v Annucci*, 144 AD3d 1285, 1285 [2016], *lv denied* 29 NY3d 907 [2017]). Although petitioner maintained that it was he who was assaulted and that the misbehavior report was written in retaliation for a lawsuit that he had filed, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Lopez v Annucci*, 146 AD3d 1262, 1263 [2017]; *Matter of Girard v Annucci*, 141 AD3d 1065, 1066 [2016], *appeal dismissed and lv denied* 29 NY3d 929 [2017]). Moreover, petitioner's claim that he was improperly denied documentary evidence is unavailing. There was no videotape taken of his altercation with correction officers (*see Matter of Reyes v Keyser*, 150 AD3d 1502, 1505 [2017]; *Matter of Green v Fischer*, 112 AD3d 1019, 1019 [2013], *lv denied* 24 NY3d 913 [2015]), and the videotape that was taken of the strip frisk of petitioner after he was escorted to the hospital was unavailable due to a defective recording disc (*see Matter of Tafari v Selsky*, 78 AD3d 1334, 1334 [2010], *lv denied* 16 NY3d 704 [2011]). Contrary to petitioner's assertion, there is no indication that this videotape was intentionally destroyed. Furthermore, although there are some inaudible gaps in the hearing transcript, they are not so significant as to preclude meaningful review (*see Matter of Bernard v Annucci*, 148 AD3d

1448, 1449 [2017]; *Matter of Gaston v Annucci*, 148 AD3d 1447, 1447 [2017]). We have considered petitioner's numerous remaining contentions, including that he was improperly denied witnesses and was provided inadequate assistance, and find them to be lacking in merit.

Garry, J.P., Egan Jr., Rose, Mulvey and Pritzker, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.