Matter of Funches v State of New York Dept. of Corr. & Community Supervision (2018 NY Slip Op 05559)





Matter of Funches v State of New York Dept. of Corr. & Community Supervision


2018 NY Slip Op 05559


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018


[*1]In the Matter of TREVIS L. FUNCHES, 
v
STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent.

Calendar Date: June 11, 2018

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Pritzker, JJ.


Trevis L. Funches, Coxsackie, petitioner pro se.
Barbara D. Underwood, District Attorney, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
In close proximity to approximately 200 other inmates, a correction officer observed petitioner exchange closed-fist punches with another inmate, each of whom ignored two direct orders to cease fighting. Upon the arrival of a facility response team, petitioner and the inmate complied with a third order to stop fighting, at which time a visual inspection of the inmate that petitioner was fighting revealed that the inmate had sustained injuries consistent with being cut with a weapon. As a result of this incident, petitioner was charged in a misbehavior report with assaulting an inmate, engaging in violent conduct, refusing a direct order and creating a disturbance. Following a tier III disciplinary hearing, petitioner was found guilty of all charges except assaulting an inmate. Thereafter, the Segregated Housing Unit reduced petitioner's confinement by 14 days. Upon administrative appeal, the determination was affirmed. This CPLR article 78 proceeding ensued.
We confirm. As an initial matter, while there are some minor inaudible portions in the hearing transcript, we do not find them to be so significant as to preclude meaningful review (see Matter of Robinson v Lee, 155 AD3d 1169, 1171 [2017]; Matter of Heyliger v Kirkpatrick, 153 AD3d 989, 990 [2017]). The misbehavior report, related documentation and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Stokes v Annucci, 158 AD3d 885, 886 [2018]; Matter of Ramos v Annucci, 150 AD3d 1510, 1511 [2017]). Moreover, as petitioner was found not guilty of assaulting another inmate, his arguments pertaining to this charge are moot (see Matter of Davis v Fischer, 64 AD3d 847, 848 [2009], lv denied 13 NY3d 709 [2009]; Matter of Polite v Goord, 49 AD3d 944, 944 [2008]). [*2]Inasmuch as petitioner has already served the entire penalty, which did not entail any loss of good time, his challenge to the length of time that he was confined in segregated housing is also moot (see Matter of Weston v Annucci, 153 AD3d 1537, 1538 [2017]; Matter of Bermudez v Griffin, 142 AD3d 1203, 1204 [2016]).
Turning to petitioner's procedural contentions, our review of the record establishes that petitioner received adequate employee assistance. Petitioner was provided with those documents that were relevant and available, and any deficiencies in assistance were remedied by the Hearing Officer who read into the record the unusual incident report and related memoranda (see Matter of Telesford v Annucci, 145 AD3d 1304, 1305 [2016]; Matter of Hernandez v Fischer, 111 AD3d 1042, 1043 [2014]; Matter of Gaston v Fischer, 109 AD3d 1063, 1064 [2013]). We have examined petitioner's remaining contentions, including his claims that the Hearing Officer was biased or that the determination flowed from alleged bias, and, to the extent that they are properly before us, find them to be unavailing.
Garry, P.J., Egan Jr., Lynch, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.