Matter of Clyde v Nelson (2018 NY Slip Op 08402)





Matter of Clyde v Nelson


2018 NY Slip Op 08402


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

526502

[*1]In the Matter of RAYMOND CLYDE, Petitioner,
v
TRACY NELSON, as Hearing Officer, Respondent.

Calendar Date: October 26, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.


Raymond Clyde, Malone, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
A female correctional facility employee observed petitioner exposing himself and masturbating in his cell. As a result, he was charged with engaging in lewd conduct and interfering with an employee. Following a tier III disciplinary hearing, petitioner was found guilty as charged. Upon administrative appeal, the determination was modified by dismissing the charge of interfering with an employee but otherwise affirmed. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, video and hearing testimony provide substantial evidence to support the determination of guilt (see Matter of Bradshaw v Annucci, 163 AD3d 1380, 1381 [2018]; Matter of Cowart v Burnett, 159 AD3d 1253, 1253 [2018]). According to the report and the employee's testimony, the employee spoke to petitioner in his cell on the day in question and petitioner was fully clothed at that time. After speaking with petitioner, the employee stopped a little further down the cellblock and spoke to another inmate for a few minutes. As she was leaving the cellblock, the employee walked past petitioner's cell and observed that he was naked and masturbating. Although petitioner testified that he was unaware that the employee was still on the cellblock when he masturbated, this created a credibility issue for the Hearing Officer to resolve (see Matter of Rivera v McGinnis, 290 AD2d 800, 800-801 [2002], lv denied 98 NY2d 601 [2002]; Matter of McMillian v Selsky, 268 AD2d 936, 936 [2000]). We reject petitioner's contention that he was improperly removed from the hearing, as the record reflects that he failed to comply with respondent's repeated warnings to stop being disruptive by trying to get out of his chair or he would be removed (see Matter of Alsaifullah v Fischer, 118 AD3d 1239, 1240 [2014], lv denied 24 NY3d 906 [2014]; Matter of Blocker v [*2]Fischer, 107 AD3d 1285, 1286 [2013]). Petitioner's remaining contentions, including that respondent was biased, have been reviewed and found to be without merit.
Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.