Matter of Harriott v Annucci (2019 NY Slip Op 01691)





Matter of Harriott v Annucci


2019 NY Slip Op 01691


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

526021

[*1]In the Matter of ALBERT HARRIOTT, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: January 16, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


Albert Harriott, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Martin Hotvet of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Garry, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review three determinations of respondents finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged on separate occasions in three misbehavior reports with violating various prison disciplinary rules. First, a January 2017 incident led to a tier III hearing held in March 2017, in which petitioner was found guilty of assaulting staff, engaging in violent conduct, refusing a direct order and violating frisk procedures. Next, a March 2017 incident led to a tier II disciplinary hearing in April 2017, in which petitioner was found guilty of violating various prison disciplinary rules. Finally, a tier III disciplinary rehearing was held in May 2017 relative to a September 2015 incident, as ordered by this Court (Matter of Harriott v Koenigsmann, 149 AD3d 1440, 1441-1443 [2017]). Following this rehearing, petitioner was found guilty of several violations, including creating a disturbance and refusing a direct order, and other charges were dismissed. Each of the three determinations were upheld upon separate administrative reviews, with the March 2017 determination modified as to the penalty. This CPLR article 78 proceeding ensued challenging all three determinations.
Initially, the Attorney General concedes that petitioner was improperly denied a relevant witness in the April 2017 tier II hearing, and we thus annul this determination. In light of the Hearing Officer's outright denial of — and failure to obtain testimony from — the requested witness responsible for creating and viewing the facility's videos, together with the Hearing Officer's failure to include in the record the documentation stating whether a video of the incident was unavailable, we further conclude that expungement, rather than remittal, is the proper remedy (see Matter of Rivera v Prack, 122 AD3d 1226, 1227 [2014]; compare Matter of Cordero v Rodriguez, 156 AD3d 979, 980 [2017]).
Turning to the March 2017 determination, the misbehavior report and hearing testimony, together with the confidential documents considered by the Hearing Officer in camera, provide substantial evidence to support the finding of guilt (see Matter of Ocasio v Bullis, 162 AD3d 1424, 1424 [2018]; Matter of Heyliger v Kirkpatrick, 153 AD3d 989, 990 [2017]; Matter of Davis v Lempke, 148 AD3d 1366, 1367 [2017]). Petitioner's contentions that he was assaulted by one of the correction officers involved in the incident and that the misbehavior report was fabricated and written in retaliation for his prior grievances and a lawsuit that he had commenced against members of the Department of Corrections and Community Supervision presented credibility issues for the Hearing Officer to resolve (see Matter of Ocasio v Bullis, 162 AD3d at 1425; Matter of Heyliger v Kirkpatrick, 153 AD3d at 990; Matter of Girard v Annucci, 141 AD3d 1065, 1066 [2016], appeal dismissed and lv denied 29 NY3d 929 [2017]).
As to petitioner's procedural contentions regarding the March 2017 determination, we reject his claim that he was denied the right to call any material and relevant witnesses. Both correction officers who were involved in and witnessed the incident testified at the hearing, and petitioner failed to articulate how any other of his requested witnesses who did not testify had firsthand knowledge of the incident or would have provided testimony relevant to the charges or to his defense (see Matter of Covington v Annucci, 160 AD3d 1333, 1334 [2018], lv denied 32 NY3d 903 [2018]; Matter of Baez v Venettozzi, 155 AD3d 1231, 1232 [2017]; Matter of Aguirre v Fischer, 111 AD3d 1219, 1220 [2013]). Moreover, the Hearing Officer made reasonable, albeit unsuccessful, efforts to identify certain correction officers who responded to the incident (see Matter of McClough v Fischer, 118 AD3d 1228, 1229 [2014]; Matter of Stephens v Lee, 115 AD3d 964, 964 [2014]). Further, we find no error in the Hearing Officer's refusal to recall the correction officers who testified for additional testimony, as petitioner had a substantial opportunity at the hearing to question them and could not articulate how the additional testimony that he sought to solicit would not be redundant (see Matter of Bartello v Annucci, 142 AD3d 1194, 1194-1195 [2016]; Matter of Huggins v Goord, 28 AD3d 891, 892 [2006]). Petitioner's contention that he was improperly denied the right to call an inmate witness is belied by the record, as the requested inmate witness executed a refusal form noting the reason for not wanting to testify, and the Hearing Officer read that form to petitioner at the hearing. No further inquiry by the Hearing Officer was required (see Matter of Cortorreal v Annucci, 28 NY3d 54, 59-60 [2016]; Matter of Weston v Annucci, 153 AD3d 1537, 1537 [2017]). Further, petitioner's claim that he was improperly denied documentary evidence is unavailing, as the record establishes that he received those documents that were relevant and available (see e.g. Matter of Funches v State of New York Dept. of Corr. & Community Supervision, 163 AD3d 1390, 1391 [2018], lv dismissed 32 NY3d 1140 [2019]).
Finally, to the extent that petitioner argues that the May 2017 rehearing was improper because this Court should have ordered expungement of the subject charges rather than a rehearing (see Matter of Harriott v Koenigsmann, 149 AD3d at 1442), his challenge amounts to an impermissible collateral attack on this Court's prior memorandum and judgment (cf. Citizens for St. Patrick's v Saint Patrick's Church of W. Troy, 117 AD3d 1213, 1214 [2014]; Robert v Stephanie R. Cooper, P.C., 114 AD3d 456, 458 [2014]). The proper procedure would have been to file a motion for leave to reargue pursuant to CPLR 2221 (d) (2) (see generally Matter of Karnazes, 133 AD3d 1027, 1027-1028 [2015], appeal dismissed 27 NY3d 974 [2016]; Adderly v State of New York, 35 AD3d 1043, 1043-1044 [2006]). Petitioner's remaining claims, including his generalized Freedom of Information Law requests (see Public Officers Law art 6), are either not properly before us (see Matter of Gomez v Fischer, 74 AD3d 1399, 1402 [2010], lv dismissed 15 NY3d 858 [2010]; see also Matter of Carter v Annucci, 166 AD3d 1189, 1190 [2018]) or lack merit.
Clark, Mulvey, Aarons and Rumsey, JJ., concur.
ADJUDGED that the April 24, 2017 tier II determination is annulled, without costs, petition granted to that extent, and respondent Superintendent of Clinton Correctional Facility is directed to expunge all references thereto from petitioner's institutional record.
ADJUDGED that the March 17, 2017 and May 16, 2017 determinations are confirmed, without costs, and petition dismissed to that extent.