Matter of Martin v Rodriguez (2019 NY Slip Op 02763)





Matter of Martin v Rodriguez


2019 NY Slip Op 02763


Decided on April 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 11, 2019

526898

[*1]In the Matter of JOHNY MARTIN, Petitioner,
v
ANTHONY RODRIGUEZ, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: March 15, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Johny Martin, Collins, petitioner pro se.
Letitia James, Attorney General, Albany (Robyn P. Ryan of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with making threats, harassing an employee, refusing a direct order, creating a disturbance and violating the regulations governing beard/mustache length. A tier III disciplinary hearing ensued, at the conclusion of which petitioner was found guilty of all charges and a penalty was imposed. The penalty subsequently was reduced and, upon petitioner's administrative appeal, the disciplinary determination and modified penalty were affirmed. Petitioner then commenced this CPLR article 78 proceeding to challenge the finding of guilt, and respondent moved to dismiss the petition for lack of personal jurisdiction or, in the alternative, to transfer the proceeding to this Court. Supreme Court denied respondent's motion to dismiss and transferred this proceeding.
Respondent concedes — and we agree — that the portion of the determination finding petitioner guilty of violating the regulations governing beard/mustache length is not supported by substantial evidence and must be annulled. As petitioner has served the penalty imposed and no loss of good time was recommended, we need not remit for a redetermination of the penalty on the remaining charges (see Matter of Love v Venettozzi, 161 AD3d 1333, 1334 [2018]; Matter of Thompson v Kirkpatrick, 160 AD3d 1234, 1235 [2018]). To the extent that petitioner's brief may be read as contesting the remaining charges, we find that the detailed misbehavior report and the testimony of its author provide substantial evidence to support the finding that petitioner made threats, harassed an employee, disobeyed a direct order and created a disturbance (see Matter of Cosme v New York State Dept. of Corr. & Community Supervision, 168 AD3d 1327, 1328 [2019]; Matter of Harriott v Koenigsmann, 149 AD3d 1440, 1441 [2017]; Matter of Kelly v [*2]Commissioner of Corrections & Community Supervision, 122 AD3d 997, 998 [2014]). Petitioner's denials, as well as his claim that the misbehavior report was written in retaliation for a grievance that he had filed against a correction sergeant, presented credibility issues for the Hearing Officer to resolve (see Matter of Cosme v New York State Dept. of Corr. & Community Supervision, 169 AD3d at 1328; Matter of Simpson v Rodriguez, 149 AD3d 1448, 1449 [2017], lv dismissed 30 NY3d 1057 [2018]; Matter of Harriott v Koenigsmann, 149 AD3d at 1441). Any remaining arguments raised by petitioner have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of violating the regulations governing beard/mustache length; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.