Matter of Cendales v Annucci (2019 NY Slip Op 06037)





Matter of Cendales v Annucci


2019 NY Slip Op 06037


Decided on August 1, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 1, 2019

527758

[*1]In the Matter of LATASIO A. CENDALES, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: June 21, 2019

Before: Garry, P.J., Devine, Aarons, Rumsey and Pritzker, JJ.


Latasio A. Cendales, Dannemora, appellant pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Rich Jr., J.), entered October 3, 2018 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
During a search of petitioner's cell, a 10¼-inch metal object sharpened to a point was found inside the altered top of a locker in petitioner's cell. Petitioner was charged with possession of a weapon and, following a tier III disciplinary hearing, he was found guilty of that charge. The determination was upheld on administrative appeal, with a modified penalty. Petitioner commenced this CPLR article 78 proceeding and, following service of respondent's answer, Supreme Court dismissed the petition. Petitioner now appeals.
We affirm. There is no merit to petitioner's claim that he was denied the right to call witnesses. At the hearing, petitioner conceded that the weapon was found in the locker in his cell and that he had taken the locker from another cell after the inmate using it was released from custody. The Hearing Officer acknowledged that there had been a shortage of lockers and accepted as true petitioner's account of how he had acquired the locker; the Hearing Officer recognized that, as a result, the locker had not been inspected by prison authorities before petitioner took possession of it. Petitioner argues that the Hearing Officer improperly denied his request to call the inmate who had previously used the locker to testify regarding the condition of the locker and the possibility that the weapon could have been secreted therein [FN1]. However, the Hearing Officer did not deny his request to call this witness, but merely advised him that the [*2]witness was not in custody and, therefore, not available to be called as a witness (compare Matter of Henry v Fischer, 28 NY3d 1135, 1138 [2016]). To the extent that petitioner argues that the Hearing Officer failed to take adequate steps to contact this former inmate, he did not raise this claim at the hearing or in his administrative appeal and it is, therefore, unpreserved for our review (see Matter of Duchnowski v Annucci, 169 AD3d 1137, 1138 [2019]; Matter of Davis v Lempke, 148 AD3d 1366, 1367 [2017]). Notably, the condition of the locker and the fact that a weapon could be secreted therein were matters within the knowledge of the correction officer who testified to finding the weapon. Moreover, inasmuch as petitioner admittedly took possession of the locker of his own accord several days earlier, "it was his own responsibility to make sure that no unauthorized items were present in his cell" (Matter of Ballard v Annucci, 170 AD3d 1298, 1300 [2019] [internal quotation marks and citation omitted]).
Petitioner also claims that he was denied due process when the Hearing Officer permitted one of the correction officers to testify by speakerphone. However, this procedure is permissible, "as a witness's physical presence at a disciplinary hearing is not required" (Matter of Bekka v Annucci, 168 AD3d 1334, 1335 [2019] [internal quotation marks and citations omitted]). We have reviewed petitioner's remaining contentions and, to the extent that they are preserved for our review, we have determined that they are without merit.
Garry, P.J., Devine, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Contrary to his assertions on appeal, petitioner did not testify that the former inmate "directly handed" him the locker and the record does not support that conclusion.