Matter of Partak v Venettozzi (2019 NY Slip Op 06550)





Matter of Partak v Venettozzi


2019 NY Slip Op 06550


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

527251

[*1]In the Matter of Eric Partak, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: August 22, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Eric Partak, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Egan Jr., J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in three misbehavior reports with refusing a direct order, refusing a search or frisk, violating visitation procedures, possession of contraband, smuggling of contraband and using an intoxicant. According to the reports, while a correction officer was conducting a strip frisk of petitioner after he left the visit room, the officer spotted an item protruding from petitioner's anal cavity. When questioned, petitioner refused to comply with certain directions and with the strip frisk, and he was thereafter evaluated by medical personnel and placed on a contraband watch for observation. Approximately nine hours later, defendant was believed to be under the influence of an intoxicant. At a tier III disciplinary hearing, petitioner pleaded guilty to possession of contraband and not guilty to the remaining charges. Following the hearing, petitioner was found guilty of all charges and a penalty was imposed. The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
Initially, because petitioner pleaded guilty to possession of contraband, he is precluded from challenging the sufficiency of the evidence supporting that part of the determination finding him guilty of that charge (see Matter of Kelly v Rodriguez, 166 AD3d 1190, 1191 [2018]; Matter of LaGrave v Venettozzi, 157 AD3d 1184, 1184 [2018]). As for the remaining charges, the three misbehavior reports and the hearing testimony of the officer who performed the strip frisk, the officer who responded to petitioner's special housing unit for a medical emergency and a facility nurse provide substantial evidence to support the determination of guilt (see Matter of Gomez v Venettozzi, 170 AD3d 1414, 1415 [2019]; Matter of Ayuso v Venettozzi, 170 AD3d 1407, 1407 [2019]; Matter of Poliandro v Venettozzi, 160 AD3d 1329, 1329 [2018]; Matter of Vargus v Annucci, 147 AD3d 1124, 1125 [2017]). Any challenges to the narrative of the incident contained in the misbehavior reports or the veracity of the adverse hearing testimony presented credibility issues for the Hearing Officer to resolve (see Matter of Ocasio v Bullis, 162 AD3d 1424, 1425 [2018]).
Turning to the procedural challenges, we are unpersuaded by petitioner's contention that the hearing was not completed in a timely manner. The record reflects that the Hearing Officer first adjourned the hearing to obtain additional documentation requested by petitioner and then permitted a second brief adjournment to provide petitioner an adequate opportunity to review as much. The Hearing Officer obtained valid extensions for two subsequent adjournments due to witness unavailability and ultimately completed the hearing within the time frame provided for in the final extension (see 7 NYCRR 251-5.1 [b]; Matter of Ayuso v Venettozzi, 170 AD3d at 1408; Matter of Caldwell v Venettozzi, 166 AD3d 1184, 1185 [2018]). In any event, the time requirements of 7 NYCRR 251-5.1 are directory, not mandatory, and petitioner has not demonstrated that he was prejudiced by the short delay in completing the hearing (see Matter of Everett v Venettozzi, 170 AD3d 1408, 1409 [2019]).
We also reject petitioner's claim that he was improperly denied the results of his urinalysis testing. Initially, the record does not establish that such testing actually occurred, and, in any event, the intoxicant charge was based on petitioner's observable behavior at the time of that report, not any scientific testing (see Matter of Simmons v Venettozzi, 153 AD3d 1016, 1016 [2017]; Matter of Heyliger v Kirkpatrick, 153 AD3d 989, 990 [2017]). We also conclude that the Hearing Officer properly determined that the testimony of the nurse who evaluated petitioner hours before the intoxicant set in and the testimony of the officer assigned to petitioner's contraband watch were irrelevant to the charges (see Matter of Everett v Venettozzi, 170 AD3d at 1409; Matter of Jones v Annucci, 166 AD3d 1174, 1176 [2018]).
Contrary to petitioner's claim, there is nothing in the record to suggest that the Hearing Officer failed to electronically record the entire hearing so as to preclude meaningful appellate review (see 7 NYCRR 254.6 [a] [2]; Matter of Liggan v Annucci, 171 AD3d 1325, 1326 [2019]; Matter of Boyd v Prack, 136 AD3d 1136, 1137 [2016]). Lastly, the record does not disclose that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Ayuso v Venettozzi, 170 AD3d at 1408; Matter of Swinton v Venettozzi, 164 AD3d 1584, 1585 [2018]). Petitioner's remaining claims, to the extent not specifically addressed herein, have been examined and found to be lacking in merit.
Lynch, Devine, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.